# **EXHIBIT E**

NAUTILUS
INSURANCE GROUP
| a Berkley Company

July 16, 2026

**FIRST CLASS MAIL & CERTIFIED-RETURN RECEIPT - CLAIM #N000010125649**

London Glass & Mirror LGM, Inc.
Attn: Edson Sampaio & Jacqueline Sampaio
30 Main Street, Suite #17
Ashland, MA 01721
Email: edsolutioninc@gmail.com

Jacqueline Sampaio
88 Bittersweet Road
Falmouth, MA 02536

| | | |
|---|---|---|
| RE: | Company: | Nautilus Insurance Company |
| | Claim Number: | N000010125649 |
| | Policyholder: | London Glass & Mirror LGM, Inc. |
| | Plaintiff: | FD 120 Turnpike, LLC |
| | Policy Number: | NN1100422 |
| | Policy Period(s): | 03/11/2020 to 03/11/2021 |
| | Date of Loss: | 02/01/2021 |

**DEMAND FOR COOPERATION**

Dear London Glass & Mirror LGM, Inc.:

Nautilus Insurance Company ("Nautilus") acknowledges receipt of the Complaint in the above-referenced matter styled: *FD 120 Turnpike, LLC v. London Glass & Mirror LGM Inc a/k/a London Glass & Mirror Inc*; Cause No. 2385CV1320-C; pending in the Superior Court in Worcester, Massachusetts.

It is alleged that FD 120 Turnpike, LLC's ("FD 120") general contractor, Expedited Construction, LLC, contracted with London Glass & Mirror, Inc. ("LGM") to replace all the exterior windows at FD 120's office building located at 120 Turnpike Road in Southborough, Massachusetts. The complaint then goes on to allege that when LGM ceased its work in February 2021, Plaintiff discovered that LGM had left shattered panes of glass on the roof of the building, but Plaintiff did not know the extent of the damage caused by the shattered glass. The Plaintiff has alleged that the shattered glass pierced the roof membrane and caused extensive and growing roof leaks that affected the tenants' use of the building. Plaintiff asserts a cause of negligence and claims that it had to replace the building's entire roof and incurred $173,850 in costs.

As you are aware, Nautilus retained David Hassett of the law firm, Hassett Donnelly, to defend LGM in this matter. Counsel has been trying to contact you so that you could assist with providing the necessary answers to respond to Plaintiff's discovery requests in this matter. A private

investigator was retained to locate you to assist with your defense in this matter and the following correspondence was sent to you by counsel:

- A letter dated April 6, 2026 was sent by counsel to Jacqueline Sampaio and Edson Sampaio by mail and by email to Edson Sampaio noting that counsel had been hired to defend you in the litigation and required assistance in the matter to prepare your defense. The April 6, 2026 letter also noted that your failure to cooperate may threaten your insurance coverage with Nautilus and result in you being held personally liable for any alleged damages.

- In a certified letter dated April 29, 2026 that was mailed to Jacqueline Sampaio, counsel again advised of the urgent request for assistance with the defense of this matter.

- In a hand-delivered letter to Jacqueline Sampaio dated May 8, 2026 counsel again made an urgent request for assistance with the defense of this matter.

As a result of LGM's failure to respond to Plaintiff's request for completion of interrogatories, Plaintiff filed an application for entry of final judgment for relief against LGM which was entered by the Court on May 11, 2026. Plaintiff subsequently filed a Motion for Default Judgment against LGM on June 2, 2026 requesting that the Court enter a Default Judgment in favor of the Plaintiff in the amount of $173,850. A hearing on the entry of the judgment is scheduled for August 6, 2026.

It is Nautilus' understanding that counsel recently contacted you both and Edson Sampaio is now assisting with the responses, however, you have failed to provide the necessary signatures on the response to have it filed in Court. Accordingly, the responses continue to remain outstanding making it unlikely that the Court will agree to remove the default judgment against LGM.

Please be advised that assisting Nautilus and defense counsel in the defense of the complaint is a condition of your policy. Failure to do so could jeopardize coverage that may have otherwise been available to you. It is of the highest importance that you provide all requested documentation and signatures to your defense firm, Hassett Donnelly, as soon as possible.

**We are reserving our rights to disclaim or limit coverage for any and all damages not covered by the policy as outlined below.**

Please be advised that Nautilus Insurance Company issued the policy or policies of insurance referenced above to London Glass & Mirror LGM, Inc. for the period referenced above, with policy limits of $1,000,000 per occurrence with a $2,000,000 general aggregate.

We will be referencing the policy's Insuring Agreements and other provisions in this letter. The definitions relevant to the Insuring Agreements, exclusions, and endorsements discussed below can be found in Form CG 00 01 (04 13), "Commercial General Liability Coverage Form," SECTION V - DEFINITIONS, as follows:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**4.** "Coverage territory" means:

**a.** The United States of America (including its territories and possessions), Puerto Rico and Canada;

**b.** International waters or airspace, but only if the injury or damage occurs in the course of travel or transportation between any places included in Paragraph **a.** above; or

**c.** All other parts of the world if the injury or damage arises out of:

**(1)** Goods or products made or sold by you in the territory described in Paragraph a. above;

**(2)** The activities of a person whose home is in the territory described in Paragraph a. above, but is away for a short time on your business; or

**(3)** "Personal and advertising injury" offenses that take place through the Internet or similar electronic means of communication; provided the insured's responsibility to pay damages is determined in a "suit" on the merits, in the territory described in Paragraph **a.** above or in a settlement we agree to.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

Please now refer to Section IV - Commercial General Liability Conditions which is found on Form CG 00 01 (04 13), "Commercial General Liability Coverage Form," which reads in part:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

…

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

…

Nautilus reserves the right to withdraw, amend, revise, or supplement this reservation of rights at any time and to assert any policy and/or legal defenses found to be applicable to this matter not discussed herein. No waiver of the right to assert additional policy defenses is intended, and any such waiver is specifically denied. Any actions that have or will be taken in connection with this claim should not be construed as a waiver of any rights of Nautilus to invoke the terms, conditions, exclusions, limitations, and definitions in the Nautilus policy, all of which actions taken on behalf of Nautilus are done entirely without prejudice.

Nautilus reserves the right to disclaim coverage and to bring an action in an appropriate state or federal court of competent jurisdiction and venue in order to limit, obtain a declaration, or interplead, to enforce the limitations mentioned herein and declare the obligations and responsibilities of the parties hereto under the contract of insurance. Nautilus by this letter and by its continued investigation, does not waive nor invalidate any of the other terms, conditions or exclusions of the policy. We specifically reserve the right to exercise any of the other terms, conditions or exclusions, which now exist or may later become apparent.

The information contained in this correspondence is based on information gathered and investigation undertaken to date. Such information and investigation will not waive or set aside any of the terms or conditions of the policy, or policies issued to the named insured, or any other insured claiming coverage in the above-referenced matter. Nor will such review and evaluation of information or additional information, or material provided or obtained from any source, waive, or set aside any policy conditions or positions taken in this letter or any other correspondence from us on this claim.

Your privacy throughout the claim process is very important to us. To learn more about our privacy policies including how we collect, use and share information, please visit www.nautilusinsgroup.com and click the "Privacy Policies" tab at the bottom of the page. Our Notice of Personal Information Collected per California's CCPA can be viewed at: https://www.berkley.com/privacy#californiaCollectionAtNotice. If you wish to receive a paper copy of our privacy policies and notice, please contact 480-509-6627.

If you have any questions or desire to discuss further the content of this letter or the claim, please feel free to contact me at (860) 781-7534.

Sincerely,

Tanji Brown, Senior Litigation Specialist
Nautilus Insurance Group on behalf of Nautilus Insurance Company
Email: tbrown@nautilus-ins.com

Cc: Quaker Special Risk
120 Front Street, Suite 510
Worcester, MA 01608

Herlihy Insurance Group Email: info@herlihygroup.com